IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SHERMAN LYNELL THOMAS,

      Plaintiff,

vs.                                              Case No. 4:07cv357-RH/WCS

BOYD W. HOWZE, JR, Mayor,
City of Apalachicola, and
JAMES L. ELLIOTT,
VAN W. JOHNSON, SR.,
JOHN M. BARTLEY, SR., and
VALENTINA WEBB, Commissioners,
City of Apalachicola,

      Defendants.

_____/


## REPORT AND RECOMMENDATION

Plaintiff filed a third amended complaint, doc. 10, against the Mayor of

Apalachicola and four City Commissioners.  Defendants filed a motion to substitute and

to dismiss portions of the complaint.  Doc. 19.  Plaintiff was given an opportunity to

respond to the motion, doc. 20, and he has now filed a response.  Doc. 22.

**Substitution**

Defendants assert that because Plaintiff is suing "the former Mayor and various

former and current City of Apalachicola Commissioners in their official capacities," the

City of Apalachicola should be substituted for Defendants Howze, Elliott, Johnson, Bartley, and Webb.  Doc. 19, p. 1.  Plaintiff acknowledges that he "is suing the Mayor and Commissioners in their 'Official Capacities' as Elected Public Officers . . . ."  Doc. 22, at 1.  Defendants note that a suit against these Defendants in their official capacities is the equivalent of a suit against the entity they represent.  Doc. 19, p. 1.  Thus, Defendants seek to "automatically" substitute the City of Apalachicola for the individual defendants pursuant to FED. R. CIV. P. 25(d)(1).  *Id.*

Although Plaintiff objects to substitution, he presents no argument or basis to support his opposition.  Doc. 22.  Plaintiff's claims are against city officials for the City of Apalachicola because of decisions rendered, and actions taken, in their roles as the mayor and city commissions.  Plaintiff does not, however, within the body of the amended complaint clarify whether his claims are against Defendants in their individual or official capacities.  Defendants cite to Kentucky v. Graham, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985) as support for the request for substitution.

In Kentucky, the United States Supreme Court noted that:

> . . . to establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right.  *See, e.g.*, Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).  More is required in an official-capacity action, however, for a governmental entity is liable under § 1983 only when the entity itself is a " 'moving force' " behind the deprivation, Polk County v. Dodson, 454 U.S. 312, 326, 102 S.Ct. 445, 454, 70 L.Ed.2d 509 (1981) (*quoting* Monell, *supra*, 436 U.S., at 694, 98 S.Ct., at 2037); thus, in an official-capacity suit the entity's "policy or custom" must have played a part in the violation of federal law.  Monell, *supra*; Oklahoma City v. Tuttle, 471 U.S. 808, 817-818, 105 S.Ct. 2427, 2433, 85 L.Ed.2d 791 (1985).

Kentucky v. Graham, 473 U.S. at 166, 105 S.Ct. at 3105.  Thus, it is true that an "official

capacity" suit is simply another way of bringing an action against the entity that the

official represents.  However, as explained in Monell v. New York City Department of

Social Services, 436 U.S. 658, 694, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978):

> We conclude, therefore, that a local government may not be sued under §
> 1983 for an injury inflicted solely by its employees or agents.  Instead, it is
> when execution of a government's policy or custom, whether made by its
> lawmakers or by those whose edicts or acts may fairly be said to
> represent official policy, inflicts the injury that the government as an entity
> is responsible under § 1983.

436 U.S. at 694, 98 S.Ct. at 2037-38.  It is common for complaints to not "clearly

specify"  whether an official is sued individually or in his official capacity.  The "course of

the proceedings" typically indicate the nature of the liability sought to be imposed.

Kentucky, 473 U.S. at 166, 105 S.Ct. at 3105, n.14, *citing* Brandon v. Holt, 469 U.S.

464, 469, 105 S.Ct. 873, 877, 83 L.Ed.2d 878 (1985).

The claims in this case concern the following factual allegations: (1) Plaintiff was

told by the Mayor at a City Commission meeting to take down a sign ("display") at his

residence; (2) Plaintiff's request that a sign be erected near his residence stating "Slow,

Children at Play," was denied by some unknown City official, though a Caucasian family

nearby had their request for such a sign granted by some City official; (3) Plaintiff's

motor vehicle was towed from the City right of way, apparently at the direction of the

Mayor, though this is not clear, while Caucasian residents are treated differently; (4) the

Mayor defamed Plaintiff at a public meeting when he told him to take down his sign.  In

a larger city, the likelihood that the Mayor and the City Commissioners would have had

any personal role in these decisions, or that these decisions were caused by City

policies, would be doubtful.  The actions alleged usually would have been the result of discretionary decisions by officials in the zoning, police, or traffic departments, enforcing or implementing City codes.  Defendants, however, do not make this argument and, indeed, seem to agree that all of the factual allegations implicate claims directly against the City itself due to official actions take by these individual City officials, acting on behalf of the City, to direct the enforcement of City laws.  Therefore, the motion for substitution should be granted.  This action should proceed solely against the City of Apalachicola.

**Defamation claim**

Defendants also seek to dismiss Plaintiff's claim of defamation.  Doc. 19, p. 3. Defendants state that there are no allegations that the "Mayor made defamatory and slanderous statements outside the course and scope of his employment."  *Id.*  Under state law (and these are state law claims), "public officials who make statements within the scope of their duties are absolutely immune from suit for defamation."  *Id.*, at 4.

Plaintiff claimed "the Mayor defamed and slandered my character by his statements regarding my "DISPLAY" and my former employer, Progress Energy."  Doc. 10, p. 6.  The only comments Plaintiff alleged in the amended complaint were:

> The Mayor told me to "move that thing."  "Take it down!"  He told me in the presence of the city attorney, that I could not construct anything of that kind nowhere on my property, not even on the top of my house, and to take down the display since I did not have a permit from the city; . . . and that whatever is going on between you and Progress Energy, (my former employer) is between you and them, but I want that thing taken down!

Doc. 10, p. 4.  Plaintiff claims this is the "defamation incident."  *Id.*

Although not raised by the Defendant Mayor Howze, the court notes *sua sponte* that Plaintiff has failed to state a claim upon which relief may be granted for defamation under Florida law.[1]  Florida courts hold that "[w]ords are defamatory when they 'tend to subject one to hatred, distrust, ridicule, contempt or disgrace or tend to injure one in one's business or profession.' "  Seropian v. Forman, 652 So.2d 490, 495 (Fla. 4th DCA 1995) (*citing* Adams v. News-Journal Corp., 84 So.2d 549 (Fla. 1955), *quoted in* American Airlines, Inc. v. Geddes, 960 So.2d 830, 833 (Fla. 3d DCA 2007).  Moreover, to recover on such a claim, a plaintiff must show "actual damage to the plaintiff."  *Id.*, *citing* Byrd v. Hustler Magazine, Inc., 433 So.2d 593 (Fla. 4th DCA 1983); Miami Herald Publ'g Co. v. Ane, 423 So.2d 376, 388 (Fla. 3d DCA 1982).

The alleged comments were simply directions by the Mayor of the City to Plaintiff to take a sign down.  There is nothing defamatory about being told by a City official to do something that the City official thinks is needed to comply with City law.  The final phrase ("whatever is going on between you and Progress Energy, (my former employer) is between you and them, but I want that thing taken down!") does not convey ridicule or hatred, and does not cast Plaintiff in a negative light.  This phase is not defamatory under Florida law.  Moreover, Plaintiff does not allege any harm or injury to him as a result of this phrase.  This claim fails as a matter of law and the motion to dismiss should be granted as to Plaintiff's state law defamation claim.

---

[1] "Where the court finds that a communication could not possibly have a defamatory or harmful effect, the court is justified in either dismissing the complaint for failure to state a cause of action or in granting a directed verdict at the proof stage." Byrd, 433 So.2d at 595, *quoting* Wolfson v. Kirk, 273 So.2d 774, 776 (Fla. 4th DCA 1973); *see* Alan v. Palm Beach Newspapers, Inc., 973 So.2d 1177 (Fla. 4th DCA 2008).

Moreover, as correctly argued by Defendants, the statements allegedly made by the Mayor were in the course of performing his duties and in enforcing city policy to not permit displays without a permit.  Florida law provides absolutely immunity from suit to officials who are sued for defamation in the scope of their respective duties.  *See, e.g.,* Stephens v. Geoghegan, 702 So. 2d 517, 522 (Fla. 2d DCA, 1997).  It does not matter that the City of Apalachicola is substituted for Defendant, Mayor Howze.  This immunity extends to the governmental official who made the statements and to the governmental entity for whom the public statements were made.  Alfino v. Department of Health and Rehabilitative Services, 676 So. 2d 447, 449 (Fla. 5th DCA 1996).  The motion to dismiss this defamation claim should be granted for this additional reason.

**Ninth Amendment**

Plaintiff makes a conclusory claim that his Ninth Amendment rights were violated. Doc. 10, p. 6.  This is not an independent claim.  The Ninth Amendment does not authorize civil rights claims nor does it independently secure any constitutional rights. Parham v. Lamar, 1 F. Supp. 2d 1457, 1461 (M.D. Fla. 1998) (relying on Olzinski v. Maciona, 714 F. Supp. 401 (E.D. Wis. 1989) to dismiss a Ninth Amendment claim where plaintiff failed to identify the fundamental right implicitly guaranteed by the Ninth Amendment allegedly violated by the defendant); Charles v. Brown, 495 F. Supp. 862, 864 (N.D. Ala. 1980) (granting a motion to dismiss upon holding that "a § 1983 claim based solely on alleged Ninth Amendment rights must fail because there are no constitutional rights secured by that amendment.").  Defendants' motion to dismiss should be granted on this basis as well.

**Tenth Amendment**

The Tenth Amendment provides that "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X.  Plaintiff fails to allege "any facts which support a claim under the Tenth Amendment . . . ."  Doc. 19, p. 5.  This claim must also be dismissed.

**Conclusion**

Accordingly, it is **RECOMMENDED** that Defendants' motion to dismiss, doc. 19, be **GRANTED,** that the court **DISMISS** the Ninth and Tenth Amendment claims, and the state law defamation claim, **SUBSTITUTE** the City of Apalachicola for the individual Defendants, and **REMAND** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on April 25, 2008.


**s/    William C. Sherrill, Jr.**
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**<u>NOTICE TO THE PARTIES</u>**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**